## J. D. STOCKDALE, TRUSTEE, v. M. MAGINN.

APPEAL BY G. W. GUTHRIE FROM THE COURT OF COMMON
PLEAS NO. 2 OF ALLEGHENY COUNTY, IN EQUITY.

Argued November 12, 1889—Decided February 24, 1890.

Where the paper-book of an appellant from the decree of the court
below confirming the report of a master, contains no argument in support
of the specifications of error, the appeal may properly be dismissed on
that ground.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILL-
IAMS, McCOLLUM and MITCHELL, JJ.

No. 160 October Term 1889, Sup. Ct.; court below, No. 150
January Term 1880, C. P. No. 2. in Equity.

The proceeding in the court below, from which this appeal
was taken, was the distribution by Mr. S. A. McClung as
master, of the sum of $4,295.54, the balance in the hands of
B. C. Christy, receiver of the Pittsburgh Savings Bank, as

shown by his account filed on July 30, 1887. The paper-books contained neither argument in support of the specifications of error, nor any of the testimony presented to the court below. but it was stated that the facts found by the master in this proceeding were the same with those found by the auditor in the case preceding this, Christy v. Sill, ante, 492, with two exceptions: 1. There was no evidence that the parties contributing to the fund in the hands of G. W. Guthrie, trustee, had given public notice, by advertisement, of the sale and transfer of their shares in the bank; and 2. The master liquidated the claim of the city of Pittsburgh, and found as a fact that the same was a valid claim against said bank, and had been contracted after all the parties contributing to said fund had severed their connection therewith.

The master filed a report finding:

1. That all the claims held by the claimant, including the claim of the city of Pittsburgh, were valid obligations of the bank, and that the company, as it existed at the time of the appointment of the receiver, was liable for the payment of the same.

2. That the continuing stockholders in the bank were bound to exonerate the contributors to the fund, with which said claims were purchased, from all liability thereon.

3. That the purchase of these claims by the claimant did not work an extinguishment of them, and claimant was entitled to prove therefor.

4. That the contributors of the fund were liable for the claims of A. M. Brown and R. M. Davis, and by reason of such liability, claimant could not be permitted to receive a dividend from the assets of the bank until those claims had been paid in full.

5. That claimant was entitled to receive a dividend from such assets as against all the other creditors of the bank.

6. That said claims of A. M. Brown and R. M. Davis were not entitled to priority over any other creditors of the bank.

7. That because claimant was to be postponed to the claims of A. M. Brown and R. M. Davis, and those claims were not entitled to priority over any other creditor, therefore claimant must be excluded from the distribution, and the fund divided equally among all the remaining creditors.

To this report, G. W. Guthrie, trustee, filed exceptions, which were dismissed by the court, without opinion, and the distribution reported was confirmed. Thereupon the exceptant took his appeal, specifying that the court erred in dismissing his exceptions and in confirming the master's report.

*Mr. G. W. Guthrie*, for the appellant.

*Mr. A. C. Patterson*, for the appellees.

OPINION, MR. JUSTICE McCOLLUM:

The paper-book in this case contains no argument in support of the specifications of error, and we might properly dismiss the appeal on that ground. It is apparent, however, that for the reasons given in our opinion in Guthrie's Appeal, No. 163 October Term 1889, ante, 492, the auditor was right in rejecting appellant's claims.

> Decree affirmed, and appeal dismissed at the cost of the appellant.